## Domenech *v.* Moret.

### Appeal from the District Court of Ponce.

No. 127.—Decided June 26, 1907.

Elections—Contesting Election of Official—Allegations.—The word "during" (*durante*) used in a complaint in the sense that the plaintiff paid taxes during a certain fiscal year, for the purpose of showing his capacity to appear as a candidate for the office of *alcalde* is equivalent to and has the same

signification as the word "in" used in the English text of section 8 of the Municipal Law of March 8, 1906.

ID.—GENERAL DEMURRER.—In an action to contest the election of a candidate for an electoral office the complaint must deny each and every one of the facts necessary to the eligibilty of the defendant, as otherwise it will be defective in that it does not state facts sufficient to constitute a cause of action.

ID.—CASES IN WHICH A CANDIDATE HAS NOT CAPACITY TO DISCHARGE THE DUTIES OF THE OFFICE.—Where a candidate elected is ineligible the courts may declare the office vacant by means of an adequate proceeding; however, in such cases the candidate receiving the next highest number of votes cannot be declared elected to the office, but the governor must appoint a person to fill the same.

ID.—PROCEEDINGS TO CONTEST ELECTION.—The proceeding provided for by the act prescribing the manner of contesting the election of officers, etc., approved March 7, 1907, is applicable only in those cases where, if the complaint is sustained. the plaintiff will have a right to be declared elected to the office, and not where the election is contested on the ground of ineligibility or lack of capacity of the candidate elected.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

*Mr. Boerman* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The appeal in this case is taken from the judgment of the District Court of Ponce sustaining a general demurrer to a complaint filed by Manuel V. Domenech to contest the election of Simón Moret Gallart as mayor of the city of Ponce. The complaint is as follows:

"The complainant Manuel V. Domenech, adult, widower, civil engineer, resident of Ponce, by his lawyers Francisco Parra Capó and José Tous Soto appears before the honorable court and alleges: I. That on the 6th of November of 1906 a general election took place in Porto Rico in which the complainant and the defendant figure as candidates for the office of mayor of the municipality of Ponce on the electoral ticket of that municipality, the former for the Republican Party, the latter for the Unión de Puetro Rico Party. II. That upon the canvas of the election less than 90 days ago the Executive Council declared Don Simón Moret Gallart, the defendant above named, elected as mayor of Ponce. III. That Don Simón Moret Gallart is not entitled to exercise any profession according to the laws of Porto Rico, was not so entitled on the 6th of November, 1906, nor theretofore; and that said Don Simón Moret Gallart did not pay in the munici-

pality of Ponce any tax, either on property or for commercial licenses in the fiscal year of 1905 to 1906; notwithstanding that on the 29th of August, 1906, with the intention of acquiring the legal qualifications to be elected as mayor he paid to the municipality of Ponce the amount recited in the following receipt: 'No. 1292. Municipality of Ponce, fiscal year of 1906-7. Simón Moret has paid into this municipal treasury the sum of six dollars (*sic*) for two carriages of four seats Nos. 83 and 84 for the year of 1905-6. Ponce, August 29, 1906. Making $6.—Francisco Cartagena, Municipal Treasurer.' IV. That Don Manuel V. Domenech is a citizen of Porto Rico, has resided in said municipality for several years immediately preceding the 6th of November, 1906, exercises the profession of civil engineer, is of age and pays taxes to the municipality of Ponce in a greater sum than $5 in the present fiscal year of 1906-7, and paid them to such municipality in the preceding one of 1905-6 and obtained the greatest number of votes for mayor next to D. Simón Moret Gallart. V. That the local committee of the Porto Rican Republican Party in Ponce through the press of the party by means of hand bills and posters affixed and distributed profusely in public places and private residences of the city and its wards and by means of the propaganda of orators notified to the electorate of Ponce at a period of time much preceding the 6th of November, 1906, the ineligibility of the candidate Don Simón Moret Gallart because he had not paid the minimum tax of $5 in the fiscal year 1905-6; and that all or the greater part of the voters of the municipality of Ponce knew on the day of the election or the day before mentioned that the defendant lacked the legal capacity to be elected *alcalde* of Ponce. VI. That Don Simón Moret Gallart has taken possession of the office of mayor of Ponce and is actually exercising the functions of that office as if by the result of the election before mentioned. Therefore we pray the honorable court to give judgment against the defendant, the sentence to contain the following provisions: 1. To declare null the election of Simón Moret Gallart as mayor of Ponce because of his ineligibility for that office and order him to give up the same and to declare elected to that office the complainant Don Manuel V. Domenech installing him or putting him in possession of the same.''

The demurrer sets forth that the complaint fails to state a cause of action. The incapacity that is charged against the defendant is that he failed to pay taxes in the fiscal year of 1905-6. We understand the English word ''in'' or the

Spanish word *"durante"* as used in the complaint to express the same idea contained in section 8 of the Act of March 8, 1906, relating to municipalities, which provides in subdivision 5, referring to candidates for municipal officers, "that they be taxpayers in the said municipality either on property or for commercial licenses, to the amount of at least $5, and shall also have paid such taxes in the fiscal year immediately preceding the date of the election, or be entitled to exercise any profession according to the laws of Porto Rico. Taxes paid by the wife, or by children under guardianship of the father, shall give the husband or father the qualifications of a taxpayer." The complaint must therefore be held to be defective in not setting forth that neither the wife of the defendant nor the children under his guardianship were taxpayers. As such payment would qualify a candidate the complaint to be effective should negative every fact that would make for the elegibility of the defendant.

There is another aspect of the case. Where a candidate is ineligible, but is nevertheless the person receiving the highest number of votes it is unnecessary for us to decide whether *quo warranto* or some other special proceeding to declare the office vacant is the remedy. The courts, we think, would have power to pass upon the question despite the fact that the person who may appoint in case of a vacancy is the Governor of Porto Rico as provided by section 35 of the act of March 8, 1906, heretofore cited. But in so far as the action appealed from purports to be a proceeding under the Act "To provide a manner for contesting the election of officers, etc.," approved on March 7, 1907, such proceeding must fail, as that act by its terms applies to cases where the contestant or plaintiff would be entitled to be declared elected if he succeeded. If a candidate is ineligible the courts may so declare in a proper proceeding but the result of such an action cannot serve to elect the candidate second in rank. The power of nomination then rests in the Governor. Similar matters have been passed upon by the courts. In *Saunders v. Haynes,*

13 Cal., 154, the court says: "It is fairer, more just and more consistent with the theory of our institutions to hold the votes so cast—*i. e.,* for an ineligible candidate—as merely ineffectual for the purpose of an election than to give them the effect of disappointing the popular will and electing to office a man whose pretensions the people had designed to reject." The case of *Crawford* v. *Dunbar* reported in 52 Cal., at page 36, is to the same effect.

For the reasons given the judgment appealed from must be affirmed.

*Affirmed.*